FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>MELISSA RENEA MIRELEZ,<br><br>      Defendant. | No. 1:24-CR-02027-SAB-31<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** |

Before the Court is Defendant's Motion to Modify Conditions of Release, ECF No. 1085. The motion was heard without oral argument. Defendant is represented by Paul Gallardo. The United States is represented by Caitlin Baunsgard and Benjamin Seal. The United States did not file a response to the motion.

Defendant asks the Court to modify the conditions of her pretrial release to allow communication with her adult son, Jesus, for purposes of maintaining familiar relationships and co-parenting Jesus' son, her grandchild.

### Legal Framework

The Bail Reform Act authorizes federal courts to release defendants awaiting trial subject to specific conditions that "protect the community from the risk of crimes [they] might commit while on bail." *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006). Courts have discretion to choose which conditions will best keep the community safe. 18 U.S.C. § 3142(c)(1)(B).

**ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY ~ 1**

Any condition imposed on a criminal defendant must be "the least restrictive" way to "reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* And any such condition must be justified by a showing that the defendant poses a heightened risk of misbehaving while on pretrial released pending trial. *Scott*, 450 F.3d at 874.

## Analysis

Initially, the Court notes as a Special Condition of Release, Defendant was allowed to communicate with co-Defendant Jazmine Hart so long as the communication was limited to the caretaking of her grandchildren. No violations have been reported, so the Court assumes Defendant has been following this condition.

Defendant's son, Jesus, was sentenced on August 1, 2025. Since he is no longer an active participant in this matter, the harm that potentially could be cause by allowing communication between Defendant and her son is somewhat minimized. And any remaining concern can be further minimized by placing the same limitations regarding the scope of the communications as were set previously with Ms. Hart.

Although Defendant indicated the United States opposes the request, no written opposition was filed. Defendant has shown that good cause exists to grant the motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Modify Conditions of Release, ECF No. 1085, is **GRANTED**.

2. Defendant's Special Conditions of Release, ECF No. 675 are modified as follows:

> 3. Except for discussing the caretaking of Defendant's grandchildren with codefendant Jazmine Hart and Jesus Mirelez, Defendant shall avoid all contact, direct, or indirect, with any

**ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY ~ 2**

codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and U.S. Probation.

**DATED** this 21st day of August 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY ~ 3**